IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FEI BIAN**, | § | |
| Plaintiff, | § § § | |
| | § | Civil Action No. **3:08-CV-1651-L** |
| v. | § § | |
| **CONDOLEEZZA RICE, et al.**, | § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiff's Application for Preliminary Injunction and Temporary Restraining Order, filed September 19, 2008; and (2) Motion for Emergency Discovery, filed September 30, 2008. The court expedited the briefing on Plaintiff's application and Defendants responded on September 29, 2008. Plaintiff replied on September 30, 2008. After considering Plaintiff's application, the briefs, record, and applicable law, the court **denies** Plaintiff's Application for Preliminary Injunction and Temporary Restraining Order and **denies without prejudice** Plaintiff's Motion for Emergency Discovery.

**I.      Factual and Procedural Background**

Plaintiff Fei Bian ("Bian" or "Plaintiff") filed her Complaint for Declaratory and Injunctive Relief and for a Writ in the Nature of Mandamus on September 19, 2008. Bian seeks to compel action on her form I-485, application to adjust to permanent resident status ("Form I-485"). She contends that Defendants have improperly handled and delayed the processing of her Form I-485.

According to Bian, she is a national of China and has been living lawfully in the United States since August 1999. She filed her Form I-485 with the United States Department of Homeland

Security Citizenship and Immigration Services ("USCIS") Texas Service Center on September 29, 2005. The Form I-485 was accepted the next day, September 30, 2005.

Bian alleges that she filed an Immigrant Petition for Alien Worker ("I-140 Application") under Employment Based Second Preference ("EB-2") National Interest Waiver on September 29, 2005 and the application was approved on October 28, 2005. Plaintiff contends that an immigrant visa was immediately available to her at the time she filed her Form I-485 and is immediately available to her now. She alleges that she has complied with all requests by USCIS, and was fingerprinted on November 23, 2005, August 27, 2008, and September 6, 2008. She asserts that the Federal Bureau of Investigation ("FBI") cleared her name check on October 3, 2007. Plaintiff alleges that she has made numerous inquiries, both formal and informal, regarding the delay in processing her Form I-485 but that her application remains pending.

Plaintiff brings a mandamus action, seeking an ordering compelling Defendants "to discharge their statutory duties." She also asserts claims pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 555, 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## II. Legal Standard

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, a plaintiff must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority v. Callaway*,

489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

## III.  Analysis

Plaintiff has moved for a temporary restraining order and a preliminary injunction to enjoin Defendants the United States Secretary of State and the United State Department of State from assigning Plaintiff's immigration visa number to another immigrant visa applicant. She contends that her visa category will retrogress on October 1, 2008, which will cause her Form I-485 to be withheld from processing for an unknown period of time. She alleges that a similar situation occurred in November 2007. Specifically, she asks the court to order the State Department to release one employment-based immigrant visa number for her visa category and order that this visa number be reserved for her Form I-485. She also asks the court to require Defendant USCIS to state whether it can adjudicate her Form I-485 in September 2008. She contends that the court's failure to issue such an order will cause her irreparable harm by further delaying the processing of her Form I-485. Such a delay will prevent her from accruing the five years of residence necessary for her application for naturalization.

Defendants oppose Plaintiff's request for injunctive relief and contend that she cannot carry her burden on each of the four elements. Specifically, they argue that the number of second preference employment visas is set by statute, and therefore her request that a number be saved for

her is without merit. They assert that Plaintiff has failed to show any irreparable harm and that the public interest lies with denying her request for a temporary restraining order and preliminary injunction. In support of their response, Defendants have submitted the affidavits of Genize X. Walker, Supervisory Adjudications Officer, Texas Service Center, USCIS, and Charles W. Oppenheim, Chief, Immigrant Visa Control and Reporting Division, Visa Office, Bureau of Consular Affairs, United States Department of State.

The court determines that Plaintiff has failed to carry her burden and show each of the four elements required for injunctive relief. Plaintiff has not shown that she is likely to succeed on the merits of her claim or that injunctive relief is in the public interest.

Specifically, Plaintiff has not shown that she is likely to succeed on the merits of her claim because she cannot show that Defendants have given a visa to anyone with a later priority date than her in her specific visa category. While Plaintiff cites newspaper articles and general government documents that state that the I-485 applications have been processed for all applicants who applied as late as August 25, 2006, there is simply no evidence that Defendants have passed Plaintiff over in favor of another applicant in her specific category. Defendants' specific evidence about Plaintiff's status shows that no visa number has been received for Plaintiff to allow the completion of her application and that USCIS sought a visa number for her on September 24, 2008, but no visa number was available. Walker Aff. ¶¶ 9-10. Moreover, the evidence shows that the priority date for applicants in Plaintiff's category, employment second preference, is April 1, 2004, more than a year before her priority date of September 25, 2005. *Id*. ¶ 11. Accordingly, Defendants' specific evidence about Plaintiff's priority date and visa category demonstrates that Plaintiff is unlikely to succeed on the merits of her claim because there is no available visa number to reserve for her.

Moreover, even if Plaintiff were to succeed on the merits of her claim, the court would reject her specific request because injunctive relief would necessarily require that another applicant with an earlier priority date be denied a visa number. Such relief would cause the same harm to another applicant who has been waiting longer than Plaintiff for a visa number. Accordingly, the court determines that Plaintiff is not entitled to injunctive relief.

## IV. Conclusion

Because Plaintiff is unlikely to succeed on the merits of her claims and an injunction would not be in the public interest, the court **denies** Plaintiff's Application for Preliminary Injunction and Temporary Restraining Order. The court therefore **denies without prejudice** Plaintiff's Motion for Emergency Discovery, which seeks certain discovery to be produced today, September 30, 2008.

**It is so ordered** this 30th day of September, 2008.

Sam A. Lindsay
United States District Judge