IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FEI BIAN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:08-CV-1651-L** |
| v. | § | |
| | § | |
| **CONDOLEEZZA RICE, et al.**, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, filed November 18, 2008. After considering the motion, record, and applicable law, the court **grants** Defendants' Motion to Dismiss for Lack of Jurisdiction and does not address Defendant's Motion to Dismiss for Failure to State a Claim.

## I.      Factual and Procedural Background

Plaintiff Fei Bian ("Bian" or "Plaintiff") filed her Complaint for Declaratory and Injunctive Relief and for a Writ in the Nature of Mandamus on September 19, 2008. Bian seeks to compel action on her form I-485, application to adjust to permanent resident status ("Form I-485"). She contends that Defendants have improperly handled and delayed the processing of her Form I-485.

According to Bian, she is a national of China and has been living lawfully in the United States since August 1999. She filed her Form I-485 with the United States Department of Homeland Security Citizenship and Immigration Services ("USCIS") Texas Service Center on September 29, 2005. The Form I-485 was accepted the next day, September 30, 2005.

Bian alleges that she filed an Immigrant Petition for Alien Worker ("I-140 Application") under Employment Based Second Preference ("EB-2") National Interest Waiver on September 29, 2005, and the application was approved on October 28, 2005.  Plaintiff contends that an immigrant visa was immediately available to her at the time she filed her Form I-485 and is immediately available to her now.  She alleges that she has complied with all requests by USCIS, and was fingerprinted on November 23, 2005, August 27, 2008, and September 6, 2008.  She asserts that the Federal Bureau of Investigation ("FBI") cleared her name check on October 3, 2007.  Plaintiff alleges that she has made numerous inquiries, both formal and informal, regarding the delay in processing her Form I-485 but that her application remains pending.

Plaintiff brings a mandamus action, seeking an ordering compelling Defendants "to discharge their statutory duties."  She also asserts claims pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 555, 701 *et seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## II.    Legal Standard – Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing

*Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

## III.   Analysis

Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and argue that the Administrative Procedures Act ("APA") does not provide a basis for jurisdiction over the adjudication of an application for adjustment of status.  They further argue that none of the Mandamus Act, the Declaratory Judgment Act, or the All Writs Act provides the basis for jurisdiction.  Defendants argue that Plaintiff does not have any constitutional due process rights in her application for a discretionary benefit.  In the alternative, Defendants argue that the Real ID Act

precludes judicial review of Plaintiff's application and that, even if the court had jurisdiction, it would not have such jurisdiction until a visa number became available for Plaintiff. Plaintiff did not respond to Defendants' motion.

The court agrees with Defendants and determines that it lacks subject matter jurisdiction over Plaintiff's claims seeking a writ of mandamus ordering them to adjudicate her visa application. The APA does not provide the basis for her claim because it only allows judicial review of nondiscretionary duties. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64-5 (2004); 5 U.S.C. § 701(a)(2). The adjustment of status is a discretionary duty. 8 U.S.C. § 1255(a). Accordingly, the APA does not provide for judicial review of Plaintiff's claim. For the same reason, Plaintiff cannot bring a claim pursuant to the Mandamus Act, 28 U.S.C. § 1361. Mandamus is not available to review the discretionary acts of officials. *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). The discretionary nature of review of a visa application also undermines Plaintiff's claims that her constitutional due process rights have been violated. *Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir. 2006).

Because the court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the APA and the Mandamus Act, and she has not pleaded any other independent claim, neither the Declaratory Judgment Act nor the All Writs Act provide the basis for jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (Declaratory Judgment Act); *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002) (All Writs Act). Accordingly, the court determines that it lacks subject matter jurisdiction over Plaintiff's complaint and it does not reach any of Defendants' remaining arguments.

**Memorandum Opinion and Order – Page 4**

**IV.      Conclusion**

For the reasons stated herein, the court **grants** Defendants' Motion to Dismiss for Lack of Jurisdiction.  Having found that it lacks subject matter jurisdiction, the court deems it unnecessary to address the sufficiency of Plaintiff's pleading and Defendant's Motion to Dismiss for Failure to State a Claim.  The court **dismisses** this action **without prejudice.**

**It is so ordered** this 27th day of March, 2009.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 5**