IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FEI BIAN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:08-CV-1651-L** |
| v. | § | |
| | § | |
| **HILLARY CLINTON,**[*] **et al.**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Reconsider Order Dismissing Complaint for Lack of Subject Matter Jurisdiction and Reopen the Case, filed April 13, 2009. After carefully considering the motion, briefs, record, and applicable law, the court **grants in part** and **denies in part** Plaintiff's Motion to Reconsider Order Dismissing Complaint for Lack of Subject Matter Jurisdiction and Reopen the Case.

**I.    Factual and Procedural Background**

Plaintiff Fei Bian ("Bian" or "Plaintiff") filed her Complaint for Declaratory and Injunctive Relief and for a Writ in the Nature of Mandamus on September 19, 2008. Bian seeks to compel action on her form I-485, application to adjust to permanent resident status ("Form I-485"). She contends that Defendants have improperly handled and delayed the processing of her Form I-485.

According to Bian, she is a national of China and has been living lawfully in the United States since August 1999. She filed her Form I-485 with the United States Department of Homeland

---

[*]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Hillary Clinton, the Secretary of the United States Department of State, is substituted for her predecessor, Condoleezza Rice. The court **directs** the clerk of the court to make this substitution on the docket sheet for this action.

**Memorandum Opinion and Order – Page 1**

Security Citizenship and Immigration Services ("USCIS") Texas Service Center on September 29, 2005. The Form I-485 was accepted the next day, September 30, 2005.

Bian alleges that she filed an Immigrant Petition for Alien Worker ("I-140 Application") under Employment Based Second Preference ("EB-2") National Interest Waiver on September 29, 2005, and the application was approved on October 28, 2005. Plaintiff contends that an immigrant visa was immediately available to her at the time she filed her Form I-485 and is immediately available to her now. She alleges that she has complied with all requests by USCIS, and was fingerprinted on November 23, 2005, August 27, 2008, and September 6, 2008. She asserts that the Federal Bureau of Investigation ("FBI") cleared her name check on October 3, 2007. Plaintiff alleges that she has made numerous inquiries, both formal and informal, regarding the delay in processing her Form I-485 but that her application remains pending.

Plaintiff brings a mandamus action, seeking an ordering compelling Defendants "to discharge their statutory duties." She also asserts claims pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 555, 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

Defendants moved to dismiss her complaint, arguing that the court lacked subject matter jurisdiction over Plaintiff's claims. Plaintiff did not respond to Defendants' motion, and the court granted the motion and dismissed Plaintiff's action without prejudice on March 27, 2009. Plaintiff thereafter filed the instant motion, asking the court to reconsider its decision and to reopen her case.

**II.     Analysis**

Plaintiff argues that the court did not consider all causes of action in her complaint and relies upon a decision of this court, *Fu v. Reno*, 2000 WL 1644490 (N.D. Tex. 2000), which she argues

**Memorandum Opinion and Order – Page 2**

reached an opposite result. She argues that it is Defendants' mandatory duty to adjudicate an adjustment of status application, as opposed to a discretionary duty to grant or deny the adjustment of status. She contends that she has requested that the court order Defendants to adjudicate her adjustment of status application, which is a nondiscretionary duty. Defendants respond that her motion is untimely, that it is an improper substitute for a motion to dismiss, and that 8 C.F.R. § 245.2(a)(5) bars the government from granting her application.

### A. Timeliness of Plaintiff's Motion

Defendants argue that Plaintiff's motion is untimely under Rule 59(e) of the Federal Rules of Civil Procedure because it was filed more than ten days after the entry of judgment. Plaintiff responds that although the court's order is dated March 27, 2009, the date of *entry* of the order was March 30, 2009, and therefore the deadline, excluding intermediate Saturdays and Sundays pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, to file a Rule 59(e) motion was April 13, 2009, the day she filed her motion to reconsider. Given the date of entry of the order, and Plaintiff's reliance on Rule 60(b) as well as Rule 59(e), the court determines that her motion is timely and will therefore consider the motion.

### B. Plaintiff's Failure to Respond to the Motion to Dismiss

Defendants also argue that Plaintiff's motion is an improper attempt to respond to their motion to dismiss. Plaintiff did not respond at all their motion to dismiss, and her motion to reconsider does not provide any explanation for her failure to do so.

A motion to reconsider is ordinarily not a substitute to consider arguments that could have been raised before:

> This Court has held that [a Rule 59(e)] motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that

> could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (internal quotations, citations, and brackets omitted). The court, nonetheless, has "considerable discretion" in deciding such a motion. *Id*. at 479. In this case, while Plaintiff failed to respond to the motion to dismiss and now fails to provide any explanation for her lack of a response, because she argues that the legal result is incorrect and at odds with another decision of this court, the court, within its discretion, will consider Plaintiff's arguments.

    **C.**    ***Fu v. Reno***

Plaintiff relies heavily upon this court's decision in *Fu v. Reno*, in which the court granted in part a motion to reconsider. That decision, however, considered primarily the effect of 8 U.S.C. § 1252(g). The court had initially held that it lacked jurisdiction over Plaintiff's complaint pursuant to 8 U.S.C. § 1252(g). 2000 WL 1644490, *2. Upon reconsideration, the court determined that section 1252(g) did not preclude judicial review in the case. *Id*. The court then went on to consider whether it had jurisdiction pursuant to the Administrative Procedures Act ("APA"). In *Fu*, the court concluded that it did have jurisdiction pursuant to the APA in conjunction with 28 U.S.C. § 1331, and the court held that mandamus relief was appropriate because the government had a clear duty to process applications for adjustment in status in a timely manner. *Id*. at *4. The court, however, could not determine whether the requested visas were available. *Id*. at *5.

**Memorandum Opinion and Order – Page 4**

### D. Discretionary v. Nondiscretionary Duty

The court relied primarily on 8 U.S.C. § 1255(a) in its earlier decision to hold that the adjustment of Plaintiff's status is a discretionary duty. Plaintiff argues that there is a distinction between her request to have her application adjudicated and her request to have her status adjusted. The court finds that other courts have found such a distinction and have held that Defendants do have a nondiscretionary duty to adjudicate applications in a reasonable amount of time. *See, e.g., Alsharqawi v. Gonzales*, 2007 WL 1346667, *3 (N.D. Tex. Mar. 14, 2007). In that case, the court considered 8 U.S.C. § 1154(b), which provides:

> After an investigation of the facts in each case . . . the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) of this title or is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status.

*Id*. (emphasis added). After considering this section and other regulations, the court in *Alsharqawi* held:

> In other words, the statutes and the regulation state, in no uncertain terms, that certain action shall be taken by Defendants even if the ultimate determination of how they will act is committed to their discretion. Accordingly, regardless of the ultimate decision, Defendants have a nondiscretionary duty to act on [petitioner's] application.

*Alsharqawi*, 2007 WL 1346667, at *3 (citation omitted).

The court agrees with the results in *Fu* and *Alsharqawi* and reconsiders its prior decision to the extent that it determines that Defendants have a nondiscretionary duty to act on Bian's

**Memorandum Opinion and Order – Page 5**

application in a reasonable time. Accordingly, the court determines that it has subject matter jurisdiction to consider Bian's writ of mandamus.

### E. Availability of a Visa

Defendants argue that even if the court determines that it has subject matter jurisdiction over this action, the court still cannot provide Bian relief because there are no available visa numbers. 8 C.F.R. § 245.2(a)(5)(ii) provides:

> If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status. An application for adjustment of status, as a preference alien, shall not be approved until an immigrant visa number has been allocated by the Department of State, except when the applicant has established eligibility for the benefits of Public Law 101-238.

*Id*. Defendants have provided the affidavit of Kathy B. Vaughan, Supervisory Adjudications Officer at the Texas Service Center of the United States Citizenship and Immigration Services, who states that even if Defendants were to adjudicate Bian's petition, USCIS would deny her application because no visa number is available. Because her priority date is later than June 1, 2004, Vaughan states that the United States Department of State will not grant a visa number for Plaintiff.

Bian argues that there are other employment-based visas available and that certain recaptured visa numbers can be used to provide her with a visa. Bian has provided a table listing fifty-one I-485 applications that she contends were adjudicated despite having later priority dates than hers. She provides no information about the website that this data comes from, and it appears that this information comes from a nongovernmental website that lists I-485 case information submitted by various users about their own case status. Parts of the website are in a foreign language. The court will not rely on the unverified information from this website, given the sworn statements from the government that no visa is available for her. The evidence from Defendants establishes that

applicants with priority dates more than a year earlier than hers have not received visas. Accordingly, the court determines that there is no available visa number for Plaintiff, and therefore mandamus relief is inappropriate.

### III.     Conclusion

The court **grants in part** Plaintiff's Motion to Reconsider Order Dismissing Complaint for Lack of Subject Matter Jurisdiction and Reopen the Case, with respect to reconsidering its prior order of March 27, 2009.  Upon reconsidering that prior order, the court makes the following conclusions:  1) the court has subject matter jurisdiction over this case pursuant to the APA in conjunction with 28 U.S.C. § 1331; and 2) Defendants have a nondiscretionary duty to adjudicate Plaintiff's application for adjustment of status.  The court concludes, however, that Plaintiff has not shown that a visa number is available to her and therefore mandamus relief is not appropriate. Accordingly, the court **vacates** its March 27, 2009 order to the extent it is inconsistent with this memorandum opinion and order with respect to subject matter jurisdiction, but does not alter its decision to dismiss Plaintiff's action without prejudice.  Accordingly, the court **denies** Plaintiff's request to reopen the case.

**It is so ordered** this 1st day of June, 2009.

／s／ Sam A. Lindsay
Sam A. Lindsay
United States District Judge